Good morning, Your Honors. Good morning. May it please the Court. John Stokes for the appellant, James Green. I'd like to reserve two minutes for rebuttal, if I could. Yes. The District Court erred for two independent reasons in holding that Green could not proceed in form of pauperus under the PLRA's three strikes rule. First, Green doesn't have three strikes. Two of the four cases the District Court relied on were not dismissed for a qualifying reason. And second, even if Green did have three strikes, he met the imminent danger exception because the prison's refusal to treat his ichthyosis placed him in imminent danger of serious physical injury at the time he filed his lawsuit. I'd like to first address the strikes and then turn to imminent danger. A strike accrues only when a prisoner's entire action is dismissed because it's frivolous, malicious, or fails to state a claim. Those basic principles explain why Cox, the first case the District Court identified, isn't a strike. There, one of Green's claims survived the defendant's motion to dismiss, and the Court instead granted summary judgment. Under this Court's decision in El Shaddai, that does not result in a strike. The fact that Green was on his amended complaint we don't think makes any difference. The PLRA speaks in terms of actions, and at no point in Cox was Green's entire action dismissed for a qualifying reason. The Court said, I think your original complaint is defective, but I think you could state a retaliation claim, so I'm going to give you leave to amend. And unless you file your amended complaint within 30 days, if you don't do that, then I'm going to dismiss. Green filed within 30 days. His retaliation claim survived the motion to dismiss, and so we think that that doesn't result in a strike. The second case that the Court wrongly identified as a strike was what we've been calling Baker 1. There, the Court dismissed under the principles of abstention, and under Washington, that's not a strike. So we think that Baker is also quite straightforward. The State, again, we think, doesn't offer any persuasive arguments to the contrary. The State has two. First, the State says there's no restitute. Sorry. The Court didn't make explicit that it was Colorado River abstention, did it? No, it did not. Did it articulate any basis on the record from which we could glean that he was relying on Colorado River? I think so, because he said you cannot pursue claims concurrently in federal and state court, and so I think that those are the circumstances where you would look to one of the abstention doctrines, and we think that the one that you would look to here would be Colorado River, and under Washington, that doesn't result in a strike because the Court stops short of addressing the merits and says instead, I'm declining to exercise jurisdiction. So we really think that for purposes of the PLRA, whichever of the abstention doctrines would have applied, we think that the only arguable one would have been Colorado River. No strike would accrue. I don't actually think the State disputes that point. The State instead argued that what was going on in Baker 1 was actually a res judicata as to the underlying state court action, but they haven't shown that there was any final judgment on the merits in the underlying state court action. The Nevada Supreme Court order that they point to dismissed Greene's interlocutory appeal because there had been no final judgment yet. So there's no res judicata there. The State's only other argument with respect to Baker is that the case was frivolous because it was repetitive, but we think that's wrong twice over. First, Washington said that litigation is not frivolous or malicious simply by virtue of being repetitive. And second, the Supreme Court has said that, generally speaking, there is no bar to proceeding concurrently with even identical claims in federal and state court. On the contrary, in those cases, federal district courts typically have a virtually unflagging obligation to hear those cases. So the idea that Greene lacked any arguable basis in law in filing concurrent claims, we don't think holds water. So that's why we think Greene doesn't have three strikes. Even if you disagreed, Greene should have been allowed to proceed in form of pauperis in this case because the prison's refusal to treat his ichthyosis meant that he met the imminent danger exception. There, the question is whether, at the time he filed his lawsuit in 2014, he was facing ongoing danger. That's the standard that the court in Andrews v. Cervantes announced. And we think that he clearly was. His amended complaint says that at the time... His amended complaint says that at the time he filed his suit, he had been without treatment for two months, that he was without treatment for a total of 11 months, that by the end of 11 months, his ichthyosis covered 85% of his body, that he had fissures and open wounds, and that, in fact, infection had set in. So we think that that... We think it easily clears the types of... the threshold of the type of case where the imminent danger exception would be met. If you look at the Andrews decision, it offers, we think, kind of guideposts about what it takes to cross the threshold. Andrews says, certainly a chronic condition that can lead to serious health problems or even death would qualify. It also points to decisions from the Seventh and Eighth Circuit that, again, we think are informative. The Seventh Circuit case, there were panic... The prisoner... This is Ciarpolini. I think that's how you say it. The prisoner was suffering from panic attacks, and that resulted in labored breathing and chest pains. The court said that that was enough. The Eighth Circuit case, McAlphin, the prisoner refused to extract a tooth, and that led to an infection. So using those as guides, we think that Greene's allegations here cross the threshold. And so he should have been allowed to proceed in form of papyrus under either of the two routes under the PLRA. If the court... Counsel, could I just... It's Judge Gould. Could I just interject a question to clarify? If we agree with your strike analysis, then am I correct we wouldn't have to reach the imminent danger issue? That's correct, Your Honor. And if there are no other questions, I'd like to reserve the balance of my time. All right. Thank you, Counsel. Thank you, Your Honors. All right. Good morning. May it please the Court, this is Frank Todger II, Senior Deputy Attorney General for the State of Nevada, appearing on behalf of the Nevada Department of Corrections as an amicus party for invitation from this court. The Department of Corrections has never made an official appearance in any of the underlying cases, whether it be at the appellate level or the district court level. However, it does have an interest as the proposed defendant in all the cases and as a necessary party in a great many of the state's 1983 litigations. Thank you for the opportunity to appear, and thank you to Counsel for making a pro bono appearance. As to the strikes, I'd like to concentrate on the strike styled as Baker I by the parties, which would have represented Mr. Green's third strike and is the anti-claim splitting doctrine. As a preliminary matter, I would concur with Counsel that if the court does resolve this purely on the strikes issue, we do not need to begin an analysis on the imminent danger and would probably be a cleaner, more preferred, because there is no real medical record analysis down beneath. So Green's claim was dismissed under what the district court styled as an anti-claim splitting doctrine. I'd like to put forth the notion that the abstention doctrine set forth in Colorado, younger doctrine in HECBAR that has extended to 12b1, is not the type of case contemplated by Green's 1983 medical indifference claim. The Colorado River allows federal courts to defer to state courts and state judicial proceedings as the basis for refusing to exercise jurisdiction. The court explicitly never refused to exercise jurisdiction as contemplated by Colorado River or FRCP 12b1. Green's medical indifference claim is not the type of complaint contemplated by a doctrine, not only national, but this circuit. Colorado River allows for stay or dismissal in pending state court action. As this court has frequently noted, as recently last year in Seneca v. Strangeland, abstention from federal jurisdiction is a very narrow, rigid exception rather than the rule. The Ninth Circuit applies extensive eight-factor analysis to determine whether dismissal or a stay is necessary under this doctrine. Nothing close to that occurred here. Colorado River and Younger contemplate a deep and crabbed analysis of the complaint and whether the doctrine can apply. In this case, it was far simpler. The district court, the Seventh Judicial District Court, which is in White Pine County, Nevada, examined the complaint and determined that it was incorporating facts from his state complaint. Sorry, scratch that. The U.S. D.C. District Court examined the complaint from the Seventh J.D. and determined that he was directly incorporating facts from his state court case. The screening order directly ordered Mr. Green not to incorporate facts and to establish allegations regarding the federal action rather than alleging the same facts. It's made explicit that the claims, however, were either frivolous, malicious, or failed to state a claim. I would suggest that the wording was not exactly malicious. The order that dismissed, the screening order that dismissed Green's claim directly stated that by repeating the exact same allegations that Green was harassing the same defendants. Well, he repeated the exact same allegations, but not in the exact same forums, right? That's correct. He repeated. So he shouldn't be punished for trying to make a claim in state court and trying to make a claim in federal court. In both fora, he had to make the appropriate allegations in order to survive a motion to dismiss. Wouldn't you agree? Yes, Your Honor. I wouldn't suggest that, although it might not be judicially economic, I wouldn't suggest that Green was not allowed to file a state action at the same time as federal court. I mean, at some point, likely a cloud or estoppel or res judicata would have applied, but there's nothing to initially bar Mr. Green from making the claim. What I think very much distinguishes the fact is this ended up more being an issue where Mr. Green did not follow the directions in the initial screening order of how to amend his complaint. So from that, we had to draw that his actions were malicious? Yes, Your Honor. Is there authority for that proposition that failure to follow a state district judge's directive is ipso facto malicious? Well, no, this I was actually contemplating. I was considering this before the argument, and there is USDC Nevada case law in Ortiz v. Cox. The site is 759 FSEP 2D 1258, where the court permitted the screening order to dismiss a case if the judge believes the case is clearly meant to harass the defendants. And in this case ---- But I'm looking at the court's order, and it's not a whole lot of analysis there. It says a plaintiff may not harass a defendant by prosecuting the same claims against him simultaneously in multiple forms. So isn't it fair to say that what the court was focused on was the fact that he had parallel proceedings? And in this instance, factually, the parallel proceedings were state and federal court. So isn't that Colorado River? That should have been cited too. Wait, sorry, could you repeat the last part about Colorado River? Well, it seems to me that in dismissing the action, the district court was concerned with the fact that he had pursued simultaneous claims in multiple forms, and in that he has a parallel action in state court and federal court. So given that the dismissal was based on having two suits in parallel proceedings, state and federal, isn't that a Colorado River abstention issue? I do not believe ---- I understand the court's point. How is it not? It does trail fairly close along. I think the biggest difference is that ---- well, I certainly wish I would have loved to have a slightly more detailed order, but I believe the biggest difference is that the court never actually refused jurisdiction, but I would say that the court dismissed the case more on not complying with his order rather than getting into the larger analysis of Colorado River. I think it probably ---- depending upon how much the court would have considered the strength of the state interest, it could have complied, but I would say that this was just a pure ---- this is more of a simple dismissal under 1915A where the district court believed that Green was simply not listening to his order beyond a jurisdictional issue. So I don't think they even got there. I would also suggest that this would not fall under the Younger slash Heckbar 12B1 doctrines either. In Washington, the federal courts correctly determined that the district erred by counting the strikes complaints that were dismissed by Heck or Younger as abstention. Younger and Harris contemplated the outright dismissal of the federal suit, both state and federal. Now, there is no dispute that the state proceeding was ongoing at the same time as the federal proceeding, nor was Plaintiff barred from litigating his federal constitutional issues in that proceeding, indeed being that he brought up similar claims that showed he was not barred from those. However, I'm again suggesting the strike was not incurred due to the abstention, it was incurred due to Green's inability to comply with the screening order. This does not hit all three of the factors considered in Younger, and that is why I don't believe that the district court reached any kind of analysis under 12B1 or the test outlined in either the Younger or the Heckbar. And for that reason, I do not believe that the court erred in dismissing it. With the limited time, I'd just like to jump over to the imminent danger complaint because I don't think there's a lot of nuance in my Cox 1 argument. Andrew v. Cervantes provides an exception based on the alleged conditions of confinement at the time of the complaint. While there's not a dispute that the disease of ichthyosis can be a serious medical deed, there isn't anything in the limited court record that there was an imminent danger because the brief is replete with the possible effects of ichthyosis rather than what Mr. Green had. At the time of the filing of the complaint, he was not suffering complications or infections or afflictions and admits that he was being currently seen by the doctor and admits he was currently being treated with topical medication at the time of the complaint. And I have five seconds, so I have no further thoughts. Thank you for your time. Thank you. Just a couple of quick points, Your Honors. I'd like to start with maliciousness. We don't think that there's any basis for there to be a maliciousness finding here. First, I would like to clarify that Green did follow Judge Jones's screening order in that case. What he originally tried to do was say, see my state complaint for my allegations in this case. Like he literally wrote, see allegations in state complaint. And Judge Jones issued a screening order saying you can't file a federal complaint that says, like, check elsewhere for my allegations. So what Green then did was file a new complaint that restated those allegations. So I don't think that there's any basis to say that that case was dismissed because Green was not complying with the court's orders. I also don't think there's any basis to say that there was a maliciousness finding here. As Judge Wynn, I think, was alluding to maybe, Judge Jones seemed to be saying that he thought maybe concurrent litigation was inherently harassing, but that was rejected by Washington. And he didn't make the type of specific finding that appraised Green's state of mind that would normally need to happen in the maliciousness setting. And I think that if you look at what Green said, at the reason why Green said he filed the concurrent claim, it shows that there was no malintent. His IFP application in Baker 1 said, I'm having trouble navigating the convoluted process of making service in state court, so I'd like to move my complaint over into federal court where I think that I'm going to be able to access the court system. Nothing about that evidences any desire to harm the defendant. So we kind of think that any way you slice it, there's no way to make a maliciousness finding here. Quickly on abstention, I don't think the issue under abstention is whether abstention would have been appropriate in Baker 1. We're not sure that it would have been if the court had gone through and applied the Colorado River factors. We're not sure that he should have abstained, but that's sort of beside the point for our purposes here, because even assuming that an abstention dismissal was appropriate, the point is that abstention dismissals do not result in a strike. So if the court doesn't have any other questions, we would stay. I don't. No questions here. Thank you very much, counsel, and thank you for taking the case on a pro bono appointment.
judges: Gould, Nguyen, Marbley